UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>      Plaintiff,<br>  v.<br><br>CITY OF TACOMA, et al.,<br><br>      Defendants. | CASE NO. C17-5724 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS |

This matter comes before the Court on Plaintiff Barbara Stuart Robinson's ("Plaintiff") motion for summary judgment. Dkt. 15. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and for the reasons stated herein (1) denies Plaintiff's motion and (2) grants summary judgment in favor of Defendants.

## I. BACKGROUND

On July 17, 2017, Plaintiff was charged in Tacoma Municipal Court for Criminal Trespass and Obstruction of a Law Enforcement Officer. Dkt. 20 at 6. The prosecutor's probable cause statement alleged that as police officers were attempting to conduct a

welfare check on a reported subject in a motorized chair at an Econolodge in Tacoma, Washington, Plaintiff approached them, identified herself as a federal agent and told them that they were trespassing on the property. *Id.* at 8. As the officers attempted to locate the subject of their reported welfare check, Plaintiff proceeded to follow them while yelling that they were trespassing and that she would place them under arrest. *Id.* The on-duty clerk of the Econolodge then informed the officers that Plaintiff was not a guest of the facility and requested that they remove her from the property due to her disruptive behavior. *Id.* Plaintiff refused to leave upon the officers' request. *Id.* Ultimately, the officers abandoned their original welfare check to address Plaintiff in light of her refusal to leave the property and the disturbance she was causing despite repeated instructions to leave the police alone. *Id.* Plaintiff was arrested and booked into the Pierce County Jail for trespassing and obstruction of a law enforcement officer.

On July 18, 2017, Plaintiff was arraigned in Tacoma Municipal Court. *See* Dkt. 20 at 11. Plaintiff was represented by defense counsel who informed the judge that he was concerned over Plaintiff's competency to stand trial. *Id.* at 13–14. Accordingly, the judge ordered that Plaintiff be held without bail until July 26, 2017, when a competency evaluation could be completed pursuant to the procedures outlined in RCW 10.77. *Id.* at 12–15. When the evaluation could not be performed until July 31, 2017, the hearing was set over until August 2, 2017.

On August 2, 2017, Plaintiff again appeared before the Tacoma Municipal Court. *See* Dkt. 20 at 30. Based on the results of the competency evaluation performed by the Washington Department of Social and Health Services, *see id.* at 49–53, the municipal

court determined that Plaintiff lacked the rational capacity to understand the nature of the proceedings and to assist in her defense. *Id.* at 34–35. The municipal court then dismissed the charges against Plaintiff and she was referred to health treatment for a civil commitment evaluation pursuant to RCW 10.77.088. *Id.* at 38–45. Once the 72-hour period set forth in RCW 10.77.088(1)(c)(ii) had elapsed without a determination by a designated mental health professional as to whether a petition for involuntary commitment should be filed, Plaintiff was released from custody.

On August 15, 2017, Plaintiff initiated this lawsuit in Pierce County Superior Court. Dkt. 2-3. On August 17, 2017, Plaintiff filed an amended complaint. Dkt. 1-2. Plaintiff claims that her arrest and custody violated a variety of federal and state laws. *Id.* at 2–13. On September 11, 2017, Defendants removed the case to this court. Dkt. 1.

On December 17, 2017, Plaintiff moved for summary judgment. Dkt. 15. On January 8, 2017, Defendants responded. Dkt. 19. In their response, Defendants argue that the Court should enter summary judgment in their favor, despite the absence of a cross-motion for summary judgment. *Id.* On January 9, 2017, Plaintiff replied. Dkt. 21.

## II. DISCUSSION

The Court denies Plaintiff's motion for summary judgment. Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving

party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

Plaintiff has failed to produce any evidence in support of her claim. Instead, she offers only a formulaic recitation that her 16-day detention constituted a "breach of fiduciary duty" and a violation of her rights. *See* Dkt. 15. Nowhere in her complaint or exhibits does she allege or evince a policy, practice, or custom attributable to the Defendants. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978). Accordingly, she cannot prevail on her motion for summary judgment against the City of Tacoma and its departments for claims of constitutional violations.

More importantly however, Plaintiff's pleadings and evidence fail to attribute any improper conduct to anyone. Plaintiff merely describes conduct by individuals and agencies that was authorized under the procedures outlined in RCW 10.77, without articulating any coherent theory on why these procedures are unconstitutional or otherwise unlawful. The closest Plaintiff comes to identifying allegedly unlawful conduct comes in the form of her declaration that she was administered forced medication without proper authority or support for such decision. *See* Dkt. 8-1 at 17–20. However, this action was not undertaken by Defendants, but rather by the Greater Lakes Recovery Center. Moreover, Plaintiff has failed to articulate how the forced administration of this medication fell short of the procedures set forth in RCW 71.05.215, how those procedures are inadequate, or how such conduct is possibly attributable to the named Defendants.

Additionally, Defendants argue that the Court should enter summary judgment in their favor, even though they have failed to properly file a cross-motion. "Even when there has been no cross-motion for summary judgment, a district court may enter

summary judgment sua sponte against a moving party if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the matter.'" *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982)). *See also Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) ("We have long recognized that, where the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment sua sponte for the nonmoving party.").

Plaintiff has had a full and fair opportunity to plead and support viable claims against Defendants. However, as described above, Plaintiff has failed to allege facts, let alone provide evidence, that would support a cognizable claim against Defendants. This is not to say that Plaintiff does not potentially possess cognizable claims against other individuals or entities. If that is the case, she may file a new lawsuit against those entities with a complaint that includes sufficiently detailed factual allegations to support her claims. However, it is clear from the pleadings and the evidence submitted on summary judgment that Plaintiff's conclusory claims against the named Defendants are unsupported by either evidence or adequate factual allegations. Most importantly, the record makes clear that the nature and duration of Plaintiff's detention was reasonably related to the evaluative and restorative purposes advanced by conducting competency evaluations prior to proceeding on criminal charges. *See Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1122 (9th Cir. 2003).

## III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion for summary judgment is **DENIED**. Moreover, the Court **GRANTS** summary judgment in favor of Defendants.

The Clerk shall enter JUDGMENT and close the case.

Dated this 14th day of February, 2018.

BENJAMIN H. SETTLE
United States District Judge